NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ARTHUR GARCIA,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2023-1905

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 22-1713, Judge Michael P. Allen.

---

Decided: October 5, 2023

---

ARTHUR GARCIA, San Antonio, TX, pro se.

MEREDYTH COHEN HAVASY, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN M. BOYNTON, WILLIAM JAMES GRIMALDI, PATRICIA M. MCCARTHY.

---

Before DYK, TARANTO, and CHEN, *Circuit Judges.*

PER CURIAM.

Arthur Garcia, a veteran of the U.S. Air Force, proceeding pro se, appeals from a decision issued of the United States Court of Appeals for Veterans Claims ("Veterans Court"). The Veterans Court affirmed a decision of the Board of Veterans' Appeals ("Board") denying entitlement to an initial disability rating greater than 10% for (1) limitation of extension of the right hip, and (2) degenerative arthritis of the right hip. The Veterans Court also declined to address Mr. Garcia's clear and unmistakable error ("CUE") claim, holding that CUE claims must be first raised at the Department of Veterans Affairs Regional Office ("RO"). Because we lack jurisdiction over Mr. Garcia's appeal, we *dismiss*.

## BACKGROUND

Mr. Garcia served on active duty in the United States Air Force from August 1962 to August 1964 and from August 1990 to August 1991 and for many years in the Air Force Reserve. *Garcia v. McDonough*, No. 22-1713, 2023 WL 153405, at *1 (Vet. App. Jan. 11, 2023). Mr. Garcia has litigated his disability claims relating to his right hip for several years before the RO and the Board. Service connection was granted to a limited extent and eventually, in this case, the Board granted Mr. Garcia a total disability rating based on individual unemployability, effective May 1, 2012. *Id.* In the same case, the Board denied Mr. Garcia entitlement to an initial disability rating greater than 10% for (1) limitation of extension of the right hip, and (2) degenerative arthritis of the right hip. *Id.* Mr. Garcia appealed, and the Veterans Court affirmed the Board's decision, finding that Mr. Garcia failed to carry his burden to establish error in the Board's decision. *Id.* This appeal followed.

## DISCUSSION

The jurisdiction of this Court to review the decisions of the Veterans Court is limited by statute, permitting us to review only "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof."  38 U.S.C. § 7292(a); *Flores-Vazquez v. McDonough*, 996 F.3d 1321, 1325 (Fed. Cir. 2021). "Except to the extent that an appeal under this chapter presents a constitutional issue," we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."  38 U.S.C. § 7292(d)(2).

In his briefing on appeal, Mr. Garcia has raised no coherent argument that the Veterans Court failed to properly interpret a statute or regulation or address a constitutional question.  We have examined the Veterans Court decision and found no issue within our jurisdiction as to the rating decisions.  As to Mr. Garcia's CUE claim regarding a 1992 denial of service connection, that issue, as the Veterans Court noted below, must be first raised with the RO.  Just as the Veterans Court lacked jurisdiction to consider the issue in the first instance, we do as well.  *Garcia*, 2023 WL 153405, at *2.

Because the Veterans Court opinion did not elaborate on the meaning of any statute, regulation, or constitutional question in its decision, we lack jurisdiction.

**DISMISSED**

COSTS

No costs.